UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MURJAN MOHAMED,

Petitioner - Appellant,

v.

TODD BLANCHE, Acting Attorney
General; et al.,

Respondents - Appellees.

No. 26-4240

D.C. No.
2:26-cv-01558-MTL--ASB
District of Arizona,
Phoenix

AMENDED ORDER

Before:     SCHROEDER and CHRISTEN, Circuit Judges.

Appellant's emergency motion (Docket Entry No. 5) for an immediate injunction pending appeal is granted.

Appellant's removal is stayed pending a ruling on this preliminary injunction appeal.  *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 964-65 (9th Cir. 2011).

The existing briefing schedule remains in effect.

For the reasons argued by Petitioner-Appellant, we agree that the order denying the motion for a temporary restraining order is appealable because it is "tantamount to the denial of a preliminary injunction." *Babaria v. Blinken*, 87 F.4th 963, 976 (9th Cir. 2023) (quoting *Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989)).

The district court relied heavily on the stay entered in *DHS v. D.V.D.*, 145 S.Ct. 2153 (2025). We understand the class in *D.V.D.* to be individuals subject to final orders of removal who allege that DHS did not provide notice or an opportunity to object to removal to third countries that were not designated during their removal proceedings. *See Mem. & Order on Pl.'s Mots. for Class Cert. & Prelim. Inj.* at 23, D.V.D. v. DHS, No. 25-10676 (D. Mass., Apr. 18, 2025). Mohamed similarly alleges that he was deprived of notice and process when DHS designated Eswatini as the country where he would be removed. But unlike the plaintiffs in *D.V.D.*, Mohamed offered specific and individualized allegations supported by media reports that Eswatini has a practice of deporting individuals to their countries of origin, including to Somalia, and he has been granted withholding of removal to Somalia. *See* Dkt. No. 5. The government asserts that it has signed a Memorandum of Understanding with Eswatini. The memorandum is not in our record, but more importantly, the government's response to Mohamed's motion does not contradict the substance of the evidence regarding Eswatini's deportation practice. If Eswatini is likely to remove Mohamed to Somalia, he faces the immediate risk of irreparable harm while, in contrast, the government has not offered persuasive reasoning that it would be prejudiced by a stay pending a decision on the merits. *See Nken*, 556 U.S. at 434.